UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Newark Division

| | |
|---|---|
| Sherri Fletcher, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br><br>Premiere Credit of North America, LLC, Velocity Investments LLC<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sherri Fletcher (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC against Defendant Premiere Credit of North America, LLC, Inc.  (hereinafter "Defendant PCNA") and Defendant Velocity Investments LLC, (hereinafter "Defendant Velocity") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

1

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New Jersey, County of Union, residing at 297 Egolf Drive, Rahway, NJ 07065.

8.      Defendant PCNA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2002 Wellesley Blvd, Indianapolis, IN 46219 and may be served process upon the CT Corporation at 28 Liberty Street, New York, NY 10005.

9.      Upon information and belief, Defendant PCNA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Velocity is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1800 NJ-34 #404a, Wall Township, NJ 07719.

11.     Upon information and belief, Defendant Velocity is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

    a.  all individuals with addresses in the State of New Jersey;

b.  to whom Defendant PCNA sent a collection letter attempting to collect a consumer debt;

c.  on behalf of Defendant Velocity;

d.  that included false and misleading statements regarding the balance amount;

e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, §§ l692g and 1692f.

18.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, 1692g and §1692f.

c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to September 9, 2019, an obligation was allegedly incurred to creditor WebBank.

24.     The WebBank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25.     The alleged WebBank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     WebBank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27.    Defendant Velocity Investments LLC, a debt collector and a subsequent owner of the debt contracted with Defendant PCNA to collect the alleged debt.

*Violation – September 9, 2019 Collection Letter*

28.    On or about September 9, 2019, Defendant sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt originally owed to WebBank. A true and correct copy of the Letter is attached hereto as Exhibit A.

29.    When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30.    This letter containing the required disclosures set forth in 15 U.S.C. §1692g(a) is more commonly known as the "G Notice".

31.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

32.     The letter states a "Total Amount Due*" of $5,650.01

33.     The asterisk references the following disclosure:

"*Amounts listed are current as of 9/9/2019.  Amounts may decrease due to application of payments and/or adjustments.  Please call (888) 403-1637 for a payoff amount."

34.     Defendants are aware that during the collection of this debt, the balance will not vary at all and stating that the balance may decrease due to payments and/or adjustments is merely a deceptive collection tactic intended to confuse and coerce the consumer into paying immediately due to a fluctuating balance.

35.     There is no reason to mention that the amounts may decrease due to application of payments, as that is obvious that if a consumer pays the amount due will go down, therefore this statement serves no purpose other than to harass the consumer to pay immediately due to fear of an increase in the amount due to fluctuations of the balance.

36.     The threat of a balance increase overshadows the "g-notice" language and coerces the consumer not to exercise her rights under the Fair Debt Collection Practices Act.

37.    Stating that the account balance may decrease due to adjustments is materially misleading to Plaintiff and is a false statement that Defendant knowingly made.

38.    Moreover, the Letter makes a settlement offer of $4803.00 without any qualifications whatsoever, and it is unclear to the Plaintiff if a payment would decrease the settlement amount as well.

39.    Plaintiff incurred an informational injury as Defendant falsely asserted that amounts could be fluctuating when they were not.

40.    Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as she was led to believe that she must pay immediately to avoid accruing interest and fees ("adjustments").

41.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

42.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.    Defendant violated § 1692e:

    a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

b.  By making a false and misleading representation in violation of §1692e(10).

46.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

47.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-

day period, the debt collector will provide the consumer with the name

and address of the original creditor, if different from the current creditor.

50. The Defendant violated 15 U.S.C. §1692g by threatening a balance increase, which overshadowed the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 USC §1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt."

55. The Defendants violated 15 U.S.C. §1692f, by stating that amounts may increase when the Defendant knows it will not;

56.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

57.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sherri Fletcher, individually and on behalf of all others similarly situated, demands judgment from Defendant PCNA and Defendant Velocity as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  February 25, 2020

Respectfully Submitted,

**STEIN SAKS PLLC**

<u>/s/ Raphael Deutsch</u>
By:  Raphael Deutsch, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 141
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*